UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BBC CHARTERING CARRIERS GmbH & CO. KG § § § *Plaintiff,* § § § § V. § § PACTRA INTERNATIONAL CO., LTD, § AEROCOSTA GLOBAL SYSTEMS, INC., and SEWON AMERICA, INC. § § *Defendants.* § § | CIVIL ACTION NO.: **ADMIRALTY** Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DECLARATORY JUDGMENT

BBC Chartering Carriers GmbH & Co. KG ("BBC"), by and through its undersigned attorneys, file this Complaint for Declaratory Judgment and respectfully represent as follows:

### JURISDICTION

1. This is an action for declaratory relief pursuant to the Federal Rules of Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. This is further an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. § 1333, as this is a claim that arises under this Court's admiralty and maritime jurisdiction. The bill of lading issued in connection with the voyage giving rise to this action is a maritime contract to which the general maritime law applies both under its terms and by operation of law.

3. This Court has personal jurisdiction over the Defendants by virtue of the terms and conditions of the bill of lading as fully described below.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. The plaintiff BBC is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany, and which was and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, BBC was the charterer of the M/V BBC DOLPHIN at all relevant times and the carrier of cargo as the issuer of bills of lading.

6. The defendant, Pactra International Co., Ltd. ("Pactra"), is an entity that will be affected by this declaration. Upon information and belief, Pactra has an interest in the subject cargo.

7. The defendant, Aerocosta Global Systems, Inc. ("Aerocosta"), is an entity that will be affected by this declaration. Upon information and belief, Aerocosta has an interest in the subject cargo.

8. The defendant, Sewon America, Inc. ("Sewon"), is an entity that will be affected by this declaration. Upon information and belief, Sewon has an interest in the subject cargo.

9. Upon information and belief, Pactra International Co., Ltd. ("Pactra") is a foreign entity existing under the laws of Korea. Pertinent to this action, Pactra was identified as the shipper on the face of BBC Bill of Lading No. BBHY1265037MS01 ("Bill of Lading"), which describes the cargo carried as "Linkless Press Machine (DL4P-1600) ("Crown")" and "Crankless Press Machine (DE4P-400) ("Bed")" (collectively, the "Cargo").

10. Upon information and belief, Aerocosta is a domestic entity existing under the laws of the State of New York. Pertinent to this action, Aerocosta was identified as the consignee on the face of the Bill of Lading.

11. Upon information and belief, Sewon is a domestic entity existing under the laws of the State of Georgia. Pertinent to this action, Sewon issued a Notice of Claim to BBC on behalf of the consignee, Aerocosta, for alleged damages to the Cargo.

## **FACTS**

12. The M/V BBC DOLPHIN is an ocean-going vessel engaged in the common carriage of goods by sea for hire and was nominated to carry the Cargo pursuant to the Bill of Lading.

13. The Cargo was loaded aboard the BBC DOLPHIN in Masan, Korea, on or about January 4, 2024, and destined for discharge at Savannah, Georgia, under the Bill of Lading.

14. The Bill of Lading was claused with the following remarks from the master that were recorded upon observance of the condition of the Cargo at the loadport: "[c]argoes loaded from open storage area, always subject to the influence of the weather; [c]argoes, found prior loading with wet surfaces; [c]argo unit with description : C/N No.29, Model: Crown, dimension L=5.84m, W=4.15m, H=2.55m, Gross weight 43.21mt, found during lifting for loading, with minor leaks of oil and water mixture on its base part. After draining through a hole on tarpaulin cover and as visual permits, checked the lower part of cargo — base part in apparent good order. Unable to check further part of cargo due to tarpaulin and net covers; [c]ondition of cargoes inside boxes and covered with tarpaulin and nets, unknown to vessel unable to check; [a]ll Weights, Quantity and measures of the units said to be."

15. The BBC Stowage plan indicated that the Cargo was stored next to each other primarily on tween pontoon #3. The Crown machine was stowed on the starboard side of the cargo hold and partially on tween pontoon #4 and the Bed machine was stowed on the port side of the cargo hold.

16. The BBC DOLPHIN arrived in Brownsville, Texas, on or about March 5, 2024, for repairs. Upon arrival, welders from ARC Marine, LLC ("ARC") began to perform repairs to the weather deck tank tops of the BBC DOLPHIN. Soon after the commencement of the hot work by ARC welders, a fire was detected in the cargo hold where the Cargo was stowed. Damage to the Cargo was allegedly caused by the welding fire.

17. The terms and conditions of the Bill of Lading provides as follows:

> 3. Liability under the Contract
>
> (a) Unless otherwise provided herein, the Hague Rules contained in the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment shall apply to this Contract. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply. In respect of shipments to which there are no such enactments compulsorily applicable, the terms of Articles I-VIII inclusive of said Convention shall apply.
>
> [****]
>
> 17. Defences and Limits of Liability for the Carrier, Servants, Agents and Managers
>
> (a) It is hereby expressly agreed that no servant, agent or manager of the carrier shall have any liability whatsoever to the Merchant or any other party under this contract of carriage for any loss, damage or delay of whatsoever kind arising or resulting directly or indirectly from any act, neglect or default while acting in the course of or in connection with his employment.
>
> (b) Without prejudice to the generality of the foregoing provisions in this fulfillment clause, every exemption from liability, limitation, condition and liberty herein contained and every right, defence and

immunity of whatsoever nature applicable to the Carrier or to which the Carrier is entitled, shall also be available and shall extend to protect every such servant, agent or manager of the Carrier acting as aforesaid.

(c) The Merchant undertakes that no claim shall be made against any servant, agent or manager of the Carrier and, if any claim should nevertheless be made, to indemnify the Carrier against all consequences thereof including attorney's fees.

(d) For the purpose of all the foregoing provisions of this clause the Carrier is or shall be deemed to be acting as agent or trustee on behalf of and for the benefit of all persons who might be his servants or agents from time to time and all such persons shall to this extent be or be deemed to be parties to this contract of carriage.

(e) The provisions of this clause shall specifically apply, but not be limited to all independent contractors, brokers, stevedores, port captains, commercial and technical managers, and transportation providers employed by the Carrier.

(f) Any reference to a letter of credit or invoice number shall not be considered to be a declaration of value of the cargo. Unless the value of the cargo is declared by the Merchant in the appropriate box on the front of the Bill of Lading, the value of the cargo is unknown to the Carrier.

18. The Bill of Lading also provide as follows:

**SPECIAL CLAUSES**

[****]

**B. U.S. Trade Period of Responsibility**

[****]

(iv) Whenever the U.S. COGSA applies, whether by virtue of carriage of cargo to or from the US or otherwise, any dispute arising out of or in connection with the Contract of carriage evidenced by this Bill of Lading shall be exclusively determined by the United States District Court for the Southern District of Texas, and in accordance with the laws of the United States. Merchant further agrees to submit to the jurisdiction of the Southern District of Texas and to waive any and all objections to venue.

19. Although BBC provided Pactra and Aerocosta with the opportunity to declare a value of the Cargo on the face of the Bill of Lading, there is no declared value for the Cargo on the Bill of Lading.

20. To the extent Pactra and/or Aerocosta will allege liability on the part of BBC for the alleged damage to the Cargo, BBC, Pactra, and Aerocosta are entities interested under the contracts of affreightment evidenced by the Bill of Lading within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

21. As an ocean carrier under the Hague Rules contained in the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading dated Brussels, August 25, 1924 (the "Hague Rules"), BBC is not liable for any loss to cargo resulting from excepted causes. Here, any damage to the Cargo shipped pursuant to the Bill of Lading was exclusively caused by one or more excepted causes. BBC is therefore not liable for any loss or damage to the Cargo.

22. Any alleged liability on the part of BBC is specifically denied. Even assuming, however, that BBC is responsible for any damage or loss of the Cargo, such damage or loss is subject to the Hague Rules' limitations because BBC is an ocean carrier under the Hague Rules and/or the U.S. Carriage of Goods by Sea Act (46 U.S.C. § 30701, n. 1) ("COGSA"). These limitations to which BBC is entitled include, but are not limited to, the 100 pounds sterling per package or unit limitation of the Hague Rules and/or the $500.00 per package or customary freight unit limitation of COGSA.

**WHEREFORE**, the complainant, BBC Chartering Carriers GmbH & Co. KG prays that the defendants be cited and served, and that after all legal delays and proceedings, this Court declare that:

1. The exceptions provided for by the Hague Rules are a complete liability shield preventing any recovery by the defendants from BBC for the alleged damage and/or loss to the Cargo.

2. In the alternative, the limitation of liability provisions in the Hague Rules apply to the contract of carriage, thus limiting any potential recovery of the defendants from BBC to 100 pounds sterling per package or unit for the alleged damage and/or loss to the Cargo.

3. In the additional alternative, the limitation of liability provisions in the U.S. Carriage of Goods by Sea Act (46 U.S.C. § 30701, n. 1) apply to the contract of carriage, thus limiting any potential recovery of the defendants from BBC to $500.00 per package or customary freight unit for the alleged damage and/or loss to the Cargo.

4. In the further alternative, that BBC is entitled to the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501, et seq., as the alleged damage and/or loss to the Cargo, if any, occurred without their privity or knowledge.

5. BBC further prays for all general and equitable relief to which they may be entitled.

Dated: February 26, 2025

Respectfully submitted,

*/s/ Jason P. Waguespack*
Jason P. Waguespack, T.A.
   Federal I.D. No. 268357
GALLOWAY, JOHNSON, THOMPKINS, BURR & SMITH
Handcock Whitnlaraey Center, Suite 4000
701 Poydras Street
New Orleans, Louisiana 70139
jwaguespack@gallowaylawfirm.com
Telephone: (504) 525-6802
Telecopier: (504) 525-2456

OF COUNSEL
Samuel L. Fuller (Louisiana Bar #35134)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, Suite 4000
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456
slfuller@gallowaylawfirm.com

*Attorneys for BBC Chartering Carriers GmbH & Co. KG*